IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIUS EPPS,

    Plaintiff,

v.

MIDLAND MORTGAGE, et al.,

    Defendants.

CIVIL ACTION NO.
1:17-CV-1012-TWT-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, seeks leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Docs. 1, 2). The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* **IS HEREBY GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

However, because Plaintiff is proceeding without paying filing fees, the Court shall consider, pursuant to 25 U.S.C. § 1915(e)(2), the frivolity of Plaintiff's Complaint. Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which

AO 72A
(Rev.8/82)

relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993).

## LEGAL ANALYSIS

In this case, Plaintiff's Complaint asserts, in relation to the foreclosure of Plaintiff's real property, claims against each of the Defendants for, *inter alia*, wrongful foreclosure; violations of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. ("RESPA"); violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); fraud; breach of contract; breach of fiduciary duty; unjust enrichment; civil conspiracy; civil racketeering; and quiet title. (Compl., Doc. 1-1).

Although Plaintiff's Complaint is twenty-one pages in length, mostly single-spaced, it is in large swaths devoid of specific factual allegations regarding his claims or conduct by any identifiable Defendant, and appears instead simply copied from form complaints obtained from the internet. Between pages three and twelve, for instance, Plaintiff recites boilerplate "allegations" which are more akin to legal statements or conclusions, challenging the assignment of the promissory note and security deed associated with his property; the alleged improper pooling and securitization of his loan; and generalized allegations of wrongdoing and/or racketeering by Defendants and

AO 72A
(Rev.8/82)

others. (Compl. pp. 3-12). Similarly, in stating his individual claims, Plaintiff alleges mostly conclusory allegations along with rote recitations of the elements of the causes of action. (Compl., pp. 12-17). Thus, Plaintiff has by and large made only the most general factual allegations against the Defendants, without specifying any particular acts purportedly taken by any specified Defendant.

Plaintiff's Complaint is therefore subject to dismissal as a standard shotgun pleading. The Eleventh Circuit has admonished trial Courts regarding their "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006). A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Describing the nature of a shotgun pleading, the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged. Beckwith, 146 F. App'x at 372. With a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which claims for relief.

Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

As a result, the Court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice. See Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Consequently, the Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and this Court is not required to rewrite a deficient pleading. See GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

In this case, Plaintiff's Complaint is a shotgun pleading. Every count of the

4

Complaint incorporates all of the previous paragraphs of the Complaint[1] instead of stating or referencing those specific facts that support the cause of action within the count. Plaintiff also largely refers to "Defendants" throughout the Complaint without identifying the specific Defendant or Defendants to whom he is referring, and almost exclusively refers to "Defendants" within his causes of action, each of which appear to be asserted against every Defendant. Ultimately, it is not clear to whom Plaintiff is referring throughout the Complaint, what improper actions were taken by any Defendant, or what their role was in relation to Plaintiff's causes of action. Although Plaintiff's Complaint includes a section entitled "FACTS Summary of the Fact of this Case," this section is also replete with legal conclusions and facts not shown to be relevant to their circumstances. Given this, it is virtually impossible to discern which allegations of fact are intended to support which claims for relief against which Defendant or Defendants.

The proper course of action for a court faced with a shotgun pleading is to require the plaintiff to re-cast the complaint with the requisite specificity, either on request for repleader by the defendant or, if the defendant fails to make such a request, *sua sponte*. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008); Washington v. Dep't of Children and Families, 256 F. App'x 326, 328 (11th Cir. 2007). This is because the concern "is structural and does not express an opinion on the merits

---

[1] Technically, Plaintiff attempts to "reaffirm and re-allege paragraphs 1-52 above" in each of the causes of action, despite never setting forth individual-numbered paragraphs 1-52 anywhere in the Complaint.

of the claim. [Rather it is t]he lack of connection between the substantive count and the factual predicates [that] is the central problem with each of the enumerated counts in the complaint"; "It is not that [the court] know[s] that plaintiffs cannot state a claim but rather that [it] do[es] not know whether they have." Wagner, 464 F.3d at 1279-80. As a result, Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE**. (Doc. 1).

If the District Court Judge adopts this Report and Recommendation, Plaintiff must file an Amended Complaint **within twenty-one (21) days** of the entry date of the District Court Judge's Order adopting this Report and Recommendation. The Amended Complaint must (1) address the shortcomings noted herein; (2) comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth *specific* factual allegations in concise, numbered paragraphs, in support of Plaintiff's claims which directly pertain to each of Plaintiff's claims; (4) identify the *specific* factual allegations and acts by the individual Defendants that support each cause of action within each count of Plaintiff's Complaint; (5) clearly specify which Defendant is responsible for the alleged acts referenced within the Complaint; (6) clearly indicate which Defendant against whom Plaintiff is bringing each cause of action and fully identify each Defendant's role with regard to Plaintiff's mortgage, security deed, the assignment of the deed, the foreclosure of the property, and communications regarding the same, as well as any alleged cause of action; (7) when a pronoun or any other reference is used to refer to an entity discussed within the

Amended Complaint, clearly identify the entity to which the pronoun is referring as well as their role with regard to any alleged cause of action; and (8) clarify which statutes or common law Plaintiff is alleging each Defendant violated. In light of the foregoing, this Court notes that **Plaintiff's failure to timely file his repleaded Complaint and cure the aforementioned deficiencies will result in this Court's recommendation that Plaintiff's case be dismissed with prejudice**.

## CONCLUSION

Based on the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** (Doc. 1). If the District Court adopts this report and recommendation, Plaintiffs may file an Amended Complaint to more precisely state his claims in accordance with above instruction within twenty-one (21) days of the entry date of the District Court's order.

**SO ORDERED and REPORTED AND RECOMMENDED**, this __23__ day of May, 2017.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)